'08 CIV 5645

PROSKAUER ROSE LLP
Russell L. Hirschhorn
Kevin J. Pflug
1585 Broadway
New York, New York 10036-8299
P: 212.969.3286
F: 212.969.2900
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UFCW LOCAL 174 PENSION FUND, | Civil Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| KUROWYCKY MEAT PRODUCTS, INC. | <u>**ECF CASE**</u> |
| Defendant. | |

Plaintiff, Board of Trustees of the UFCW Local 174 Pension Fund (the "Trustees"), by and through its attorneys, Proskauer Rose LLP, states by way of complaint against Defendant Kurowycky Meat Products, Inc. ("Kurowycky"), as follows:

1.      This is an action seeking relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including, without limitation, Sections 4201 through 4301, 29 U.S.C. §§ 1381 through 1451.

## THE PARTIES

2.      The Trustees of the UFCW Local 174 Pension Fund (the "Fund") established the UFCW Local 174 Pension Plan (the "Plan"), which at all relevant times was a multiemployer defined benefit pension plan, as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).  The

Fund maintains offices at 900 South Avenue, Second Floor, Suite 64, Staten Island, New York 10314.

3.      At all relevant times Kurowycky was a New York corporation with offices at 100 Second Avenue, New York, New York 10003.

## JURISDICTION & VENUE

4.      This Court has jurisdiction to hear this action pursuant to ERISA § 4301(c), 29 U.S.C. § 1451(c).

5.      Venue is proper in this district pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d).

## FACTUAL ALLEGATIONS

6.      Pursuant to a collective bargaining agreement between Kurowycky and UFCW Local 174, the labor organization that for collective bargaining purposes represented the employees of Kurowycky, Kurowycky had a duty to contribute to the Fund in accordance with the terms of the collective bargaining agreement and the Amended and Restated Agreement and Declaration of Trust (the "Trust Agreement") governing the Fund.

7.      Kurowycky made contributions to the Fund until June 2007, at which time it completely withdrew from the Fund.  Kurowycky's withdrawal from the Fund resulted from the Trustee's declaration of a mass withdrawal pursuant to ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2).  This mass withdrawal triggered the imposition of withdrawal liability on Kurowycky pursuant to ERISA § 4203, 29 U.S.C. § 1383.

8.      By letter dated July 10, 2007 (the "Demand Letter"), the Fund notified Kurowycky that it had effected a complete withdrawal from the Fund and, therefore, was subject

2

to the payment of withdrawal liability pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C.

§§ 1382 and 1399(b)(1), and the terms of the Plan and the Trust Agreement. Annexed hereto as

Exhibit A is a true and correct copy of the Demand Letter.

9.      As explained in the Demand Letter, the payment schedule provided for a single

payment of $107,856.00, or 61 quarterly installment payments of $2,808.00, plus a final

installment payment of $982.00. In accordance with ERISA § 4219, 29 U.S.C. § 1399(c)(2), the

payments were to commence no later than 60 days after the date of the Demand Letter, *i.e.*, no

later than September 8, 2007.

10.      In connection with the mass withdrawal, the Fund notified Kurowycky by letter

dated December 21, 2007 (the "Redetermination Letter"), that it had calculated Kurowycky's

redetermination liability pursuant to 29 C.F.R. § 4219.11(b)(2). Although the redetermination

liability did not change the amount of the quarterly installment payments owed by Kurowycky,

as explained in the Redetermination Letter, the period over which Kurowycky must make its

quarterly payments on its withdrawal liability extended to 22.31 years. Annexed hereto as

Exhibit B is a true and correct copy of the Redetermination Letter.

11.      The Redetermination Letter also states that Kurowycky will receive a notice and a

demand for reallocation liability, the final component of withdrawal liability, on a date to be

determined under 29 C.F.R. § 4218.16(c), but no later than July 30, 2009.

12.      By letter dated February 12, 2008 (the "Default Letter"), the Fund notified

Kurowycky that, *inter alia*, the Fund had not received payment as described in the Demand

Letter. Annexed hereto as Exhibit C is a true and correct copy of the Default Letter.

13.      Notwithstanding the Default Letter, the Demand Letter, the terms of the Plan, the

Trust Agreement and ERISA, Kurowycky has refused to make the payments to the Fund as described in these letters.

14.    Kurowycky is in default as a result of not having paid its withdrawal liability to the Fund within 60 days of the date that it received the Default Letter.  Pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), Kurowycky is required to immediately pay the total outstanding amount of its withdrawal liability, plus accrued interest on the total outstanding liability from September 8, 2007, the due date of the first payment that was not timely made.

15.    By letter dated April 23, 2008 (the "Acceleration Letter"), the Fund informed Kurowycky that it was in default of its withdrawal liability and demanded immediate payment of $107,856.00, plus accrued interest of $4,647.47.  Annexed hereto as Exhibit D is a true correct copy of the Acceleration Letter.

16.    Kurowycky has refused to make the payment to the Fund as described in the Acceleration Letter.

17.    By the acts and omissions set forth above, Kurowycky violated ERISA and the terms of the Plan and Trust Agreement.  As a result of Kurowycky's acts and omissions, the Fund has been damaged and has been deprived of money due and owing to the Fund.

4

**WHEREFORE**, the Trustees of the UFCW Local 174 Pension Fund demand that judgment be entered in its favor and against Kurowycky and that it be awarded $112,503.47, plus accrued interest from April 22, 2008, attorneys' fees, costs of suit, and such other legal and equitable relief as the Court may deem just and appropriate, including, without limitation payment of Kurowycky's reallocation liability.

Dated: June 19, 2008

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____
      Russell L. Hirschhorn
      Kevin J. Pflug
1585 Broadway
New York, New York 10036-8299
P: 212.969.3286
F: 212.969.2900
rhirschhorn@proskauer.com
kpflug@proskauer.com
*Attorneys for Plaintiff*

5

# EXHIBIT

# A

 

*UFCW Local 174*
*Affiliated Trust Funds*

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

July 10, 2007

**By Certified Mail/ Return Receipt Requested**

Jaroslaw Kurowycky
Kurowycky Meat Products, Inc
124 First Avenue
New York, NY 10009

Re:     Notice and Demand for Payment of Withdrawal Liability
        <u>UFCW Local 174 Retail Pension Fund</u>

Dear Mr. Kurowycky:

According to our records, Kurowycky Meat Products, Inc (the "Company") ceased to have an obligation to contribute to the UFCW Local 174 Retail Pension Fund (the "Fund") as of June 22, 2007. As a result, the Company has effected a complete withdrawal from the Fund, within the meaning of Section 4203(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Consequently, the Company is subject to the payment of withdrawal liability to the Fund and, in accordance with the requirements of Section 4202 of ERISA, the Board of Trustees of the Fund hereby makes demand for payment of withdrawal liability, as described below.

In accordance with the Fund's method of computing withdrawal liability, we have computed the Company's withdrawal liability to the Fund to be $107,856.00. Under Sections 4219(c)(1)(C) and (c)(3) of ERISA, the Company is required to pay the full value of its withdrawal liability in 61 quarterly installment payments, each in the amount of $2,808.00, plus a final payment of $982.00. Please find enclosed a calculation sheet showing the withdrawal liability amount, as well as a payment schedule setting forth the Company's required withdrawal liability payments. Pursuant to Section 4219(c)(4) of ERISA, the Company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty.

In accordance with Section 4219(c)(2) of ERISA, payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of this Notice, "notwithstanding any request for review or appeal of determinations of the amount of such liability." Thus, the Company's initial quarterly withdrawal liability payment is due on or before September 8, 2007. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Retail Pension Fund" and forwarded to the undersigned at the address above.

---



Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment becomes necessary, the Fund will submit an amended withdrawal liability statement to the Company.

Failure to commence payment of withdrawal liability or to make timely subsequent payments, as required under ERISA, will constitute "default" within the meaning of Section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by the Company, plus accrued interest. The Fund will assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Under Section 4219(b)(2)(A) of ERISA, the Company has the right, within 90 days after the receipt of this Notice, to:

(1)    Request the Trustees to review any specific matter relating to the determination of the Company's withdrawal liability and the schedule of payments described herein;

(2)    Identify any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the Company; and

(3)    Furnish any additional relevant information to the Trustees.

Pursuant to Section 4221 of ERISA, any dispute arising out of the Fund's determination and review must be resolved through arbitration. Either party may initiate the arbitration proceeding herein within a 60 day period after the earlier of:

(a)    the date of the Fund's notification to the Company under Section 4219(b)(2)(B) of ERISA, or

(b)    120 days after the date of the Company's request under Section 4219(b)(2)(A) of ERISA.

*Under Section 4219(c)(2) of ERISA, the Company must commence payments demanded herein in accordance with the terms and schedule set forth above, notwithstanding any request for review or appeal of determinations.*

Pursuant to Section 4219(a) of ERISA, it is hereby requested that the Company advise the undersigned, within 30 days of the date of this Notice, whether the Company is or was a member of a trade or business "under common control" within the meaning of Sections 414 and 1563 of the Internal Revenue Code of 1986, as amended (i.e., a "controlled group"). If the Company is or was a member of a controlled group, it is hereby requested that the Company furnish the undersigned with the corporate (or business) names and addresses of each organization within

2

the controlled group.  Please also note whether any of these organizations contributed to the Fund at any time.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Retail Pension Fund

By: *Brandi Lauletti*
    Brandi Lauletti
    Fund Administrator


Enclosures

cc: Amy Covert, Esq.

3

# UFCW LOCAL 174 RETAIL PENSION FUND
## WITHDRAWAL LIABILITY

**EMPLOYER:**                                    Kurowycky Meat Products, Inc.

**Withdraw During Plan Year Beginning July 1:**                      2006

1. Plan's unfunded value of vested benefits
   as of June 30, 2006                                    $    25,839,184

2. Total of all employer contributions to the Plan
   for Plan Years 2001 - 2005 (exclusive of
   contributions of employers who withdrew prior to
   the Plan Year beginning July 1, 2006)                  $     6,293,430

3. Unfunded value of vested benefits as of
   June 30, 2006 per dollar of employer
   contributions during Plan Years 2001 - 2005 = (1) / (2)        4.10574

4. Kurowycky Meat Products, Inc. contributions
   for Plan Years 2001 - 2005                             $        31,402

5. Kurowycky Meat Products, Inc. allocable share of
   the unfunded value of vested benefits
   as of June 30, 2006 = (3) x (4)                        $       128,928

6. De minimis threshold: smaller of 3/4% of (1)
   (.0075 x $25,839,184 = $193,794) and $50,000           $        50,000

7. Employer withdrawal liability amount after
   de minimis adjustment:

   a.  if (5) is less than (6)                                        N/A
                                                                       $0

   b.  if (5) is equal to or more
       than (6), but less than $100,00                               N/A
                                                           Amount in (5) less
                                                              amount in (6)

   c.  if (5) is between $100,000 and
       the sum of $100,000 and the
       amount in (6)                                       $       107,856
                                                           Double amount in
                                                           (5) less the sum of
                                                           (6) and $100,000

   d.  if (5) is more than the sum of
       $100,000 and the amount in (6)                                N/A
                                                           Amount in (5)

# UFCW LOCAL 174 RETAIL PENSION FUND
## WITHDRAWAL LIABILITY

**EMPLOYER:**                                              **Kurowycky Meat Products, Inc.**

### Payment Schedule

1  **High Contribution Rate (Per Member Per Month Basis)**                    $          468.00
   ERISA Section 4219(c)(1)(C)(i)(II)

2  **Highest average consecutive three year Contribution Base Units**

| Plan Year Beginning July 1 | Months of Contributions | Average for prior 3 Years |
|---|---|---|
| 1996 | 18 | |
| 1997 | 24 | 21 |
| 1998 | 24 | 22 |
| 1999 | 23 | 24 |
| 2000 | 24 | 24 |
| 2001 | 24 | 24 |
| 2002 | 24 | 24 |
| 2003 | 22 | 23 |
| 2004 | 24 | 23 |
| 2005 | 24 | 23 |

Highest 3 years Average          24.00

ERISA Section 4219(c)(1)(C)(i)(I)

3  **Amount of each annual payment: = (1) x (2)**                              $        11,232.00

4  **Payment Schedule:**

| | Year Beginning | Balance at Beginning of Year | Payment Due | Remaining Balance | 7.50% Interest | Balance at End of Year |
|---|---|---|---|---|---|---|
| 1 | 7/1/2007 | $107,856 | $11,232 | $96,624 | $7,247 | $103,871 |
| 2 | 7/1/2008 | $103,871 | $11,232 | $92,639 | $6,948 | $99,587 |
| 3 | 7/1/2009 | $99,587 | $11,232 | $88,355 | $6,627 | $94,982 |
| 4 | 7/1/2010 | $94,982 | $11,232 | $83,750 | $6,281 | $90,031 |
| 5 | 7/1/2011 | $90,031 | $11,232 | $78,799 | $5,910 | $84,709 |
| 6 | 7/1/2012 | $84,709 | $11,232 | $73,477 | $5,511 | $78,988 |
| 7 | 7/1/2013 | $78,988 | $11,232 | $67,756 | $5,082 | $72,838 |
| 8 | 7/1/2014 | $72,838 | $11,232 | $61,606 | $4,620 | $66,226 |
| 9 | 7/1/2015 | $66,226 | $11,232 | $54,994 | $4,125 | $59,119 |
| 10 | 7/1/2016 | $59,119 | $11,232 | $47,887 | $3,592 | $51,479 |
| 11 | 7/1/2017 | $51,479 | $11,232 | $40,247 | $3,019 | $43,266 |
| 12 | 7/1/2018 | $43,266 | $11,232 | $32,034 | $2,403 | $34,437 |
| 13 | 7/1/2019 | $34,437 | $11,232 | $23,205 | $1,740 | $24,945 |
| 14 | 7/1/2020 | $24,945 | $11,232 | $13,713 | $1,028 | $14,741 |
| 15 | 7/1/2021 | $14,741 | $11,232 | $3,509 | $263 | $3,772 |
| 16 | 7/1/2022 | $3,772 | $3,772 | $0 | $0 | $0 |

5  **Quarterly Payments**
   Quarterly Payments          $2,808      for 61 Quarters, plus a
   final payment of            $982

# EXHIBIT

# B



*UFCW Local 342/174 Affiliated Trust Funds*

December 21, 2007

**By Certified Mail/ Return Receipt Requested**

Jerry J. Kurowyckyj
Kurowycky Meat Products
124 1st Avenue
Apt. 8
New York, NY 10009-5722

Re:    **Notice and Demand for Payment of Redetermination Liability**
      **UFCW Local 174 Retail Pension Fund**

Dear Jerry J. Kurowyckyj:

You were previously notified that the UFCW Local 174 Retail Pension Fund (the "Fund") experienced a mass withdrawal termination as of June 30, 2007. As explained in that notification, all contributing employers ceased to have an obligation to make contributions to the Fund upon the mass withdrawal termination. Consequently, your company is subject to the payment of mass withdrawal liability to the Fund under section 4219(c)(1)(D) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). There are three components of mass withdrawal liability—1) initial withdrawal liability; 2) redetermination liability; and 3) reallocation liability. These components are calculated by the Fund and its actuary as provided under ERISA.

The Fund previously sent your company a notice and demand for its initial withdrawal liability in accordance with 29 CFR 4041A.23. Together with its actuary, the Fund has now calculated your company's redetermination liability under 29 CFR 4219.11(b)(2). In accordance with 29 CFR 4219.16(b), the Fund is hereby issuing a notice and demand for your company's payment of redetermination liability.

Redetermination liability is comprised of two elements under 29 CFR 4219.2: 1) the employer's liability for *de minimis* amounts; and 2) the employer's liability for 20-year-limitation amounts. The Fund has determined that your company's liability for *de minimis* amounts is **$21,072**. In addition, with the removal of the 20-year cap provided on initial withdrawal liability, the period over which your company must make its quarterly installment payments on its withdrawal liability is now **22.31 years**. Enclosed is an information sheet showing the elements of your company's redetermination liability, along with a payment schedule setting forth your company's required payments.

**Please note that payments should be made <u>quarterly</u>, on the due dates indicated in the notice of initial withdrawal liability previously sent to your company.**

Pursuant to Section 4219(c)(4) of ERISA, your company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Retail Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment becomes necessary, the Fund will submit an amended withdrawal liability statement to your Company.

Failure to make timely payments, as required under ERISA, will constitute a "default" within the meaning of section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by your company, plus accrued interest. The Fund will assess such default penalties on the entire amount of your company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Please note that your Company will receive a notice and demand for reallocation liability, the final component of withdrawal liability, on a date to be determined under 29 CFR 4219.16(c), but no later than July 30, 2009.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Retail Pension Fund

By: _____
    Donald Proniewych
    Fund Administrator


Enclosures

    cc: Neal Schelberg, Esq.

2

# UFCW LOCAL 174 RETAIL PENSION FUND
## WITHDRAWAL LIABILITY

### KUROWYCKY MEAT PROD INC

| | | Withdrawal Liability | Redetermination Liability |
|---|---|---|---|
| 1. | Plan's unfunded value of vested benefits as of June 30, 2006 | $ 25,839,184 | $ 25,839,184 |
| 2. | Total of all employer contributions to the Plan for Plan Years 2001 - 2005 (exclusive of contributions of employers who withdrew prior to the Plan Year beginning July 1, 2006) | $ 6,293,430 | $ 6,293,430 |
| 3. | Unfunded value of vested benefits as of June 30, 2006 per dollar of employer contributions during Plan Years 2001 - 2005 = (1) / (2) | 4.10574 | 4.10574 |
| 4. | Kurowycky Meat Prod Inc contributions for Plan Years 2001 - 2005 | $ 31,402 | $ 31,402 |
| 5. | Kurowycky Meat Prod Inc allocable share of the unfunded value of vested benefits as of June 30, 2006 = (3) x (4) | $ 128,928 | $ 128,928 |
| 6. | De minimis adjustment to withdrawal liability | $ 21,072 | |
| 7. | Employer withdrawal liability amount after de minimis adjustment = (5) - (6), not less than zero | $ 107,856 | $ 128,928 |
| 8. | Highest contribution rate (per member per month) for Kurowycky Meat Prod Inc full-time employees | $ 468.00 | $ 468.00 |
| 9. | Highest average consecutive three-year Contribution Base Units for Kurowycky Meat Prod Inc full-time employees | 24.00 | 24.00 |
| 10. | Highest contribution rate (per member per month) for Kurowycky Meat Prod Inc part-time employees | $ 102.00 | $ 102.00 |
| 11. | Highest average consecutive three-year Contribution Base Units for Kurowycky Meat Prod Inc part-time employees | 0.00 | 0.00 |
| 12. | Amount of annual withdrawal payment = (8) x (9) + (10) x (11) | $ 11,232 | $ 11,232 |
| 13. | Amount of withdrawal payment if paid quarterly | $ 2,808 | $ 2,808 |
| 14. | Approximate Years Payable | 15.00 | 22.31 |
| 15. | Cost of annual withdrawal payment (12) amortized over the payment period (14) | $ 106,582 | $ 128,923 |
| 16. | Incremental cost | | $ 22,341 |

...local 174 retail\withdrawal liability2006 Individual Withdrawal Liability Calculations part-time full-time.xls

# UFCW LOCAL 174 RETAIL PENSION FUND
# WITHDRAWAL LIABILITY AS OF JUNE 30, 2006

### KUROWYCKY MEAT PROD INC

**Redetermination Liability Payment Schedule**

|    | Year Beginning | Balance at Beginning of Year | Payment Due | Remaining Balance | 7.50% Interest | Balance at End of Year |
|----|----------------|------------------------------|-------------|-------------------|----------------|------------------------|
| 1  | 2007 | $128,928 | $11,232 | $117,696 | $8,827 | $126,523 |
| 2  | 2008 | $126,523 | $11,232 | $115,291 | $8,647 | $123,938 |
| 3  | 2009 | $123,938 | $11,232 | $112,706 | $8,453 | $121,159 |
| 4  | 2010 | $121,159 | $11,232 | $109,927 | $8,245 | $118,172 |
| 5  | 2011 | $118,172 | $11,232 | $106,940 | $8,021 | $114,961 |
| 6  | 2012 | $114,961 | $11,232 | $103,729 | $7,780 | $111,509 |
| 7  | 2013 | $111,509 | $11,232 | $100,277 | $7,521 | $107,798 |
| 8  | 2014 | $107,798 | $11,232 | $96,566 | $7,242 | $103,808 |
| 9  | 2015 | $103,808 | $11,232 | $92,576 | $6,943 | $99,519 |
| 10 | 2016 | $99,519 | $11,232 | $88,287 | $6,622 | $94,909 |
| 11 | 2017 | $94,909 | $11,232 | $83,677 | $6,276 | $89,953 |
| 12 | 2018 | $89,953 | $11,232 | $78,721 | $5,904 | $84,625 |
| 13 | 2019 | $84,625 | $11,232 | $73,393 | $5,504 | $78,897 |
| 14 | 2020 | $78,897 | $11,232 | $67,665 | $5,075 | $72,740 |
| 15 | 2021 | $72,740 | $11,232 | $61,508 | $4,613 | $66,121 |
| 16 | 2022 | $66,121 | $11,232 | $54,889 | $4,117 | $59,006 |
| 17 | 2023 | $59,006 | $11,232 | $47,774 | $3,583 | $51,357 |
| 18 | 2024 | $51,357 | $11,232 | $40,125 | $3,009 | $43,134 |
| 19 | 2025 | $43,134 | $11,232 | $31,902 | $2,393 | $34,295 |
| 20 | 2026 | $34,295 | $11,232 | $23,063 | $1,730 | $24,793 |
| 21 | 2027 | $24,793 | $11,232 | $13,561 | $1,017 | $14,578 |
| 22 | 2028 | $14,578 | $11,232 | $3,346 | $251 | $3,597 |
| 23 | 2029 | $3,597 | $3,597 | $0 | $0 | $0 |

# EXHIBIT

# C



# UFCW Local 342 Fund Office

February 12, 2008

<u>**By Certified Mail/ Return Receipt Requested**</u>

**Kurkowycky Meat Products Inc.**
**124 First Avenue**
**Apartment 8**
**New York, NY 10009**
**Attention: Mr. Jerry Kurkowycky**

Re:  Notice of Failure to Make Payments on Withdrawal Liability
<u>UFCW Local 174 Retail Pension Fund</u>

Dear Mr. Kurkowycky:

By letter dated **July 10, 2007**, UFCW Local 174 Retail Pension Fund (the "Fund") notified **Kurkowycky Meat Products Inc.** (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (the "Demand Letter"). Specifically, the Demand Letter stated that the Company's payment of withdrawal liability to the Fund was required to commence no later than 60 days after the date of such letter, notwithstanding any request for review or appeal of the determinations of the amount of the withdrawal liability or the schedule of payments The Demand Letter assessed withdrawal liability on the Company in the amount of **$107,856.00,** **payable in sixty-one (61)** quarterly installment payments, each in the amount of **$2,808.00, plus** **a final payment of $982.00.** The initial payment was due on or before **September 8, 2007.**

By letter dated **December 21, 2007,** the Fund notified the Company of the redetermination portion of the Company's withdrawal liability under 29 CFR 4219.11(b)(2) (the "Redetermination Letter"). The Redetermination Letter notified the Company of its liability for *de minimis* amounts and 20-year-limitation amounts under ERISA, and set out a revised withdrawal liability payment schedule. The Redetermination Letter informed the Company that it should continue to make its payments quarterly on the payment dates indicated in the Demand Letter.

According to our records, the Company has not made any payment to the Fund as required under the Fund's Demand Letter. As of the date of this letter, the Company's outstanding amount due is **$5,616.00.** Please be advised that if the Company's failure is not cured within 60 days of receipt of this notice, the Company will be deemed in default of its withdrawal liability as provided by Section 4219(c)(5) of ERISA. The Fund will then be entitled to require immediate payment of the outstanding amount of the Company's withdrawal liability, plus accrued interest.

The Fund may assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Payment should be made to the order of "UFCW Local 174 Retail Pension Fund" and forwarded to the undersigned at the above address.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Retail Pension Fund

By: _____
    Donald Proniewych
    Fund Administrator


cc:    Amy Covert, Esq.
       Kurkowycky Meat Products Inc.
       100 2nd Avenue
       New York, NY 10003
       Attn: Jerry Kurkowycky

2

# EXHIBIT

# D



*UFCW Local 342/174 Affiliated Trust Funds*

April 23, 2008

**By Certified Mail/ Return Receipt Requested**

Jerry J. Kurowyckyj
Kurowycky Meat Products
100 2nd Avenue
New York, NY 10003

Re:    **Default on Withdrawal Liability**
         **UFCW Local 174 Retail Pension Fund**

Dear Mr. Kurowyckyj:

By letter dated **July 10, 2007**, UFCW Local 174 Retail Pension Fund (the "Fund") notified **Kurowycky Meat Products** (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). At that time, the Company was provided with a demand for payment and payment schedule. By follow-up letter dated **February 12, 2008**, the Fund notified the Company of its failure to make payment and demanded that the Company cure the failure by making payment in accordance with the withdrawal liability payment schedule.

According to our records, the Company has not yet made payment as required. As a result, and in accordance with Section 4219(c)(5) of ERISA, the Company is now in default of its withdrawal liability. The Board of Trustees hereby requires immediate payment of the outstanding amount of the Company's withdrawal liability, **$107,856.00**, plus accrued interest of **$4,647.47**, as shown in the enclosed schedule. To avoid legal action, please send a single payment of **$112,503.47**, made directly to the order of "UFCW Local 174 Retail Pension Fund" and forwarded to the undersigned at the address above.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Retail Pension Fund

By: _____
      Donald Proniewych
      Fund Administrator

cc:    Amy Covert, Esq.

Enc.

**UFCW 174 Retail Pension Fund**
**Accrued Interest Calculation for**
**Kurowycky Meat**

| | | |
|---|---|---|
| Date of demand letter | | 7/10/2007 |
| Annual interest rate | | 7.50% |
| First payment due date (60 days from demand date) | | 9/8/2007 |
| Withdrawal liability amount | | $107,856.00 |
| Accrued interest to: | 4/22/2008 | $4,647.47 |
| Total payment due | | $112,503.47 |